E-FILED
Tuesday, 10 October, 2017 03:02:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| STEPHEN L. KNOX, | ) |  |
|---|---|---|
|   Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 17-1237 |
|  | ) |  |
| WARDEN MELVIN, et al., | ) |  |
|   Defendants | ) |  |

MERIT REVIEW ORDER

    This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    Plaintiff, a pro se prisoner, claims Defendants Warden Melvin, Dr. Tilden and Assistant Warden Emily Ruskins violated his constitutional rights and his rights pursuant to the Americans with Disabilities Act (ADA) at Pontiac Correctional Center. Plaintiff has lupus and a severe spinal injury which sometimes requires him to use a wheelchair. Nonetheless, Plaintiff says the Defendants refuse to house him in a cell with ADA accommodations for his condition. Plaintiff says he is not allowed a wheelchair when needed and Dr. Tilden has instead approved crutches. However, Plaintiff says this provides little help since he can't bring the crutches in his cell and he can't use the crutches on the yard. Consequently, Plaintiff says he has trouble getting

around in his cell. He is unable to reach the light in his cell, he had trouble getting to his sink and toilet, and he is "force(d) to crawl around." (Comp., p. 5). In addition, Plaintiff says he can not go out for yard time since he is not allowed either a wheelchair or crutches.

Assistant Warden Ruskins is the ADA coordinator and Warden Melvin has the final approval for such a request, but neither will approve his requests for an accommodation. In addition, Dr. Tilden has refused to recommend an ADA cell. Plaintiff says even though it is obvious to a lay person that he needs an accommodation to move around his cell, none of the Defendants will take action.

Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability … be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." *See* 42 USCA § 12102(1)(A). Discrimination includes the failure to accommodate a disability. *Wagoner v. Lemmon*, 778 F.3d 586 (7th Cir. 2015). "In a prison setting, access to meals and certain housing facilities, including showers, toilets and sinks, are among the programs and activities protected by the ADA.." *Peters v. United States,* 2017 WL 2533652, at *4 (S.D.Ill. June 12, 2017)(citing cases).

However, Plaintiff cannot sue the individual Defendants because the Seventh Circuit has held that individual Illinois Department of Corrections employees are not amenable to suit under the ADA. *Jaros v. Illinois Dept. of Corrections,* 684 F.3d 667, 670

2

(7th Cir. 2012). The Plaintiff has named Warden Melvin as a Defendant, so he may proceed against this Defendant in his official capacity only for his ADA claim. *See McCaskill v. Wexford Health Sources, Inc.*, 2017 WL 2306406, at *5 (S.D.Ill. May 26, 2017).

Plaintiff next alleges the Defendants violated his Eighth Amendment rights because they "failed to recommend" a "cell with an ADA accommodation." (Comp., p. 5). Plaintiff appears to be restating his ADA claim. If he did intend to state a separate Eighth Amendment violation, it is unclear if the Plaintiff intended to state an Eighth Amendment claim based on his living conditions, or he intended to state an Eighth Amendment claim based on deliberate indifference to a serious medical condition. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)(medical claim); *see also Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002)(living conditions). If Plaintiff believes he can state a separate, Eighth Amendment violation, he must file a complete, proposed amended amended complaint setting forth all claims and Defendants and without making reference to any previous complaint.

Plaintiff also claims Dr. Tilden was "negligent." (Comp., p. 5) "[A] defendant can never be held liable under §1983 for negligence." *Williams v Shaw*, 2010 WL 3835852 at 3 (S.D. Ill. Sept. 24, 2010). Second, if Plaintiff was attempting to claim the state law tort of medical malpractice, his complaint is not sufficient. Illinois law requires any Plaintiff who is seeking damages for medical malpractice to file an affidavit with the complaint providing required information. *See* 735 Ill. Comp. Stat. § 5/2-622(a). Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 Ill. Comp. Stat. § 5/2-622(g).

3

Plaintiff's final claim alleges all of the Defendants violated his rights pursuant to the Fourteenth Amendment's equal protection clause because he is "not being given the same treatment as other ADA inmates" (Comp., p. 5). "The Equal Protection Clause ... prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse, Wis.*, 595 F.3d 691, 695 (7th Cir. 2010) *citing Engquist v. Oregon Department of Agriculture.*, 553 U.S. 591 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

While not clearly stated, Plaintiff's appears to alleging "class of one" discrimination because Plaintiff believes he was improperly singled out for discriminatory treatment, and Plaintiff does not allege he was discriminated against because he is a member of a protected classification such as race, sex or national origin. *See LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010); *see also Johnson v. Daley*, 339 F.3d 582, 585-586 (7th Cir. 2003)("Prisoners are not a suspect class; conviction of crime justifies the imposition of many burdens."); *Mlaska v. Schicker*, Case No. 15-cv-00918-MJR, 2015 WL 6098733, at *11 (S.D. Ill. Oct. 16, 2015) (finding that group of inmates with a certain type of medical condition did not constitute a suspect class); *Green v. Maldonodo*, 2017 WL 3568662, at *5 (D.Conn. Aug. 17, 2017)("disabled, however, are not a suspect or quasi-suspect class.."): *Shariff v. Coombe*, 655 F.Supp.2d 274, 302 (S.D.N.Y.,2009)("disabled are not a suspect or quasi-suspect class…").

Whatever the intended basis of Plaintiff's equal protection allegation, he has failed to adequately state a claim upon which relief could be granted. Plaintiff has

failed to point to anyone who was similarly situated and was treated differently, or anyone suffering from the same conditions who was given an accommodation. *See Green v. Maldonodo*, 2017 WL 3568662, at *5 (D.Conn. Aug. 17, 2017)(failure to state a claim equal protection claim based on denial of ADA accommodation); *Latson v. Clarke,* 2017 WL 1407570, at *17 (W.D.Va., April 20, 2017)(failure to state equal protection claim when complaint "does not identify any other inmates or allege any facts regarding the privileges they were afforded or whether they were similarly situated.."); *Brooks v. Horn,* 2004 WL 764385, at *7 (E.D.Pa.,April 7, 2004)(" Because plaintiff has not produced evidence to show that other disabled inmates' requests for ADA accommodations were treated differently from his, his equal protection claim must fail.").

Therefore, Plaintiff's complaint alleges his rights pursuant to the ADA were violated when he was denied an accommodation for his disability. The claim is stated against Defendant Melvin in his official capacity. All other intended claims and Defendants are dismissed.

Plaintiff has also filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does

the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In the section asking what attempts Plaintiff has made to find counsel on his own, he lists the names of two attorneys. The Court does not find this to be a reasonable attempt to find counsel. Plaintiff may renew his motion and indicate when he contacted counsel, how many attorneys he attempted to contact, and if possible, include copies of letters sent or received in his efforts to find counsel. Plaintiff's motion is denied with leave to renew. [5]

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has alleged Defendant Warden Melvin violated his rights pursuant to the ADA when he was denied an accommodation to allow him to walk and move in his cell and outside due to his lupus. The claim is stated against the Defendant in his official capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will

file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Dr. Tilden and Assistant Warden Emily Ruskins for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) deny Plaintiff's motion for counsel with leave to renew, [5]; 3) attempt service on Defendant pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 10th day of October, 2017.

                                              s/ James E. Shadid

                                    _____
                                                  JAMES E. SHADID
                                    UNITED STATES DISTRICT JUDGE