UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEPHEN L. KNOX, )
   Plaintiff, )
)
vs. ) No. 17-1237
)
WARDEN MELVIN, et al., )
   Defendants )

MERIT REVIEW AND CASE MANAGEMENT ORDER

Plaintiff, a pro se prisoner, currently has one claim before the Court alleging Pontiac Correctional Center Warden Melvin violated his rights pursuant to the Americans with Disabilities Act (ADA). Plaintiff suffers from lupus and claims the Defendant denied an accommodation to allow Plaintiff to walk and move in and out of the cell house. *See* October 10, 2017 Merit Review Order.

The Court dismissed all other individual Defendants because the Seventh Circuit has held that individual Illinois Department of Corrections employees are not amenable to suit under the ADA. *Jaros v. Illinois Dept. of Corrections,* 684 F.3d 667, 670 (7th Cir. 2012). In addition, the Court noted it was unclear from Plaintiff's complaint if he intended to state a separate, Eighth Amendment claim. *See* October 10, 2017 Merit Review.

Plaintiff has now filed a motion for leave to amend his complaint. [12]. Plaintiff's motion is granted pursuant to Federal Rule of Civil Procedure 15. [12].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally

1

insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint repeats his previous ADA claim. In addition, Plaintiff asks to add two additional Eighth Amendment claims based on his living conditions and deliberate indifference to a serious medical condition. First, Plaintiff alleges Dr. Tilden did not order prison staff to allow him to use his crutches in his cell and on the yard, making it very difficult for him to move. Consequently, Plaintiff says he fell repeatedly.

Plaintiff also alleges Defendants ADA Coordinator Warden Emily Ruskin and Warden Melvin "did not accommodate Plaintiff's ADA cell after gaining personal knowledge of his personal/medical needs and condition." (Amd. Comp., p. 6).

Second, Plaintiff alleges Defendants Dr. Tilden, Ruskin, and Melvin were personally aware he suffered with lupus and a severe spinal injury which makes it difficult for him to stand and walk. Nonetheless, they failed to provide him with crutches or a wheelchair causing repeated falls and injuries.

Plaintiff has adequately added one Eighth Amendment claim alleging the three Defendants were deliberately indifferent to his serious medical condition. However, his claims regarding the failure to provide crutches or an ADA cell, are more properly articulated as either an ADA claim or and Eighth Amendment claim based on deliberate indifference to a serious medical condition, rather than a separate, repetitive

2

Eighth Amendment claim based on his living conditions. Plaintiff's living conditions were only inappropriate because of his medical condition.

IT IS THEREFORE ORDERED:

1) **Plaintiff's motion for leave to file an amended complaint is granted. [12].** Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has alleged: 1) Defendant Warden Melvin violated his rights pursuant to the ADA when he was denied an accommodation to allow him to walk and move due to his lupus and spinal injury; and 2) Defendants Melvin, Dr. Tilden, and Emily Ruskin violated Plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical conditions. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of

this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's Counsel.

10) The previously entered **qualified protective order regarding the disclosure of protected health information pertains to all parties. [7].**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Add Defendants Emily Ruskin and Dr. Tilden; 2) attempt service on the two new Defendants; and 3) set an accelerated deadline 45 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines.**

Entered this 21st day of May, 2018.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE