IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEPHEN KNOX,<br><br>    Plaintiff,<br><br> vs.<br><br>JOHN BALDWIN, in his official capacity as the Acting Director of the Illinois Department of Corrections, THE ILLINOIS DEPARTMENT OF CORRECTIONS, MICHAEL MELVIN, TERI KENNEDY, EMILY RUSKIN, ANDREW TILDEN, KELLY RENZI, WEXFORD HEALTH SOURCES, INC., MAJOR SUSAN PRENTICE, and OFFICERS CRAIG WILSON, LUCAS NALL, ENRIQUE RUIZ, CARL COLWELL, and JOSHUA DAVIS,<br><br>    Defendants. | Civil Action No.  1:17-cv-01237<br><br>Hon. James E. Shadid |

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Stephen Knox, through counsel, seeks a preliminary injunction ordering Defendants Director John Baldwin and Warden Teri Kennedy in their official capacities to transfer Plaintiff to Joliet Treatment Center, a correctional facility uniquely equipped to accommodate Plaintiff's physical disability and mental health needs.  In support of this motion, Plaintiff submits the concurrently filed memorandum and supporting declarations, attached thereto.  In further support of this motion, Plaintiff states as follows:

  1. Plaintiff has been in solitary confinement at Pontiac Correctional Center ("Pontiac") since January 2016.  Due to his physical disabilities, Plaintiff has limited mobility and cannot stand without extreme pain but his cell, like all cells at Pontiac, does not accommodate a person with those disabilities.  As prison staff have refused to allow Plaintiff the

use of medically-approved crutches in his cell, the most basic of self-care tasks—like using the toilet, or turning his lights on and off—are extremely difficult for Plaintiff.

2. Defendants have also excluded Plaintiff from accessing basic programs and services outside of his cell because of his disability. While Plaintiff is occasionally permitted to use a wheelchair or crutches to move around outside his cell, he is effectively cut off from the areas in the prison where crucial services are offered because his cell house does not have an elevator. Among other things, Plaintiff generally cannot participate in group therapy sessions, shower regularly, make confidential legal calls, visit the law library, or spend time outdoors.

3. Plaintiff has continually requested access to mental health treatment and other necessary programs and services through face-to-face conversations with prison staff, including Defendants, through filing grievances, and by filing this lawsuit. In response, instead of assisting Plaintiff to access these services, Defendants have subjected Plaintiff to retaliation. This retaliation has included physical assault, confiscation of his legal papers and other property, and deprivation of medication, food, and yard time.

4. Plaintiff has shown clear signs of psychiatric deterioration since he arrived at Pontiac, due to physical assaults, the conditions of his solitary confinement, exclusion from activities and areas that would allow him to interact with others, limited access to physical and mental health treatment, and inconsistent access to mental health medications. Plaintiff has already faced serious physical and emotional injury since arriving at Pontiac and will continue to face a grave risk of serious injury if he remains there.

5. Plaintiff is entitled to preliminary relief as a matter of law because Plaintiff can demonstrate (a) he is likely to succeed on the merits of his claims; (b) he will suffer irreparable harm absent an injunction; (c) there is no adequate remedy at law for the harm he is suffering; (d) the balance of harms tips in his favor; and (e) an award of preliminary relief in this case serves

the public interest and presents no threat to public safety. Plaintiff is entitled to preliminary relief as a matter of law.

WHEREFORE, Plaintiff respectfully requests the Court:

A. Schedule a hearing on this motion as soon after the end of discovery, April 5, 2019, as the Court is available;

B. Enter a preliminary injunction ordering Defendants to transfer Plaintiff to Joliet Treatment Center, a correctional center that has accessible cells and is uniquely equipped to offer mental health treatment;

C. Award the costs and expenses incurred in bringing this motion; and

D. Grant such other and further relief the Court deems just and proper.

Dated: December 21, 2018

Respectfully submitted,

STEPHEN KNOX

By: *s/ Hannah A. Posen*
    One of his Attorneys

John W. Treece
Hannah A. Posen
A. Michaela Kabat
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000
jtreece@sidley.com
hposen@sidley.com
mkabat@sidley.com

-and-

```
```
`1:17-cv-01237-JEH   # 53   Page 4 of 5`

Alan Mills  
Elizabeth N. Mazur  
Nicole Rae Schult  
Uptown People's Law Center  
4413 North Sheridan  
Chicago, Illinois 60640  
(773) 769-1411  
alan@uplcchicago.org  
liz@uplcchicago.org  
nicole@uplcchicago.org

## **CERTIFICATE OF SERVICE**

 The undersigned, an attorney, hereby certifies that on December 21, 2018, **PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** was electronically filed using the Court's CM/ECF system, which sent a notice of Electronic Filing to all counsel of record.

<em>s/ Hannah A. Posen</em>